UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL LOPEZ,

Petitioner,

v.

RAUL MORALES,

Respondent.

No. 2:25-cv-02993-DAD-EFB

ORDER

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus under 28 U.S.C. § 2254. He has also filed a motion for appointment of counsel (ECF No. 3) and a motion to stay the case pending exhaustion of some of his claims (ECF No.2). For the reasons that follow, the court will deny the motion for counsel, grant the motion to stay, and order petitioner to submit the filing fee for this action or an application to proceed in forma pauperis.

**I. Motion to Stay**

Petitioner was convicted on July 21, 2017 of two counts of attempted murder and various other charges. ECF No. 1 at 1. The state appellate court affirmed the conviction on March 17, 2022 but vacated the sentence and remanded the case to the superior court for re-sentencing. *People v. Lopez*, No. A154417, 2022 Cal. App. Unpub. LEXIS 1623, *68-69 (Cal. Ct. App. Mar. 17, 2022). Petitioner filed a petition for review with the California Supreme Court that was denied on June 15, 2022. ECF No. 1 at 1. The trial court re-sentenced petitioner on November

20, 2024. *Id*. Petitioner filed the instant action on October 14, 2025. *Id.*

Petitioner asserts five claims for relief that he states he has exhausted in the state court. ECF No. 1 at 6. He seeks a stay to exhaust various other claims, which include claims of ineffective assistance of trial and appellate counsel and actual innocence. ECF No. 2 at 8 *et seq.*

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). Where a federal habeas petitioner has failed to exhaust a claim in the state courts, she may ask the federal court to stay its consideration of her petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition — one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39.

If a stay is granted under *Kelly*, the previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

////

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner exhausts them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

Under *Rhines*, "good cause" consists of a reasonable excuse supported by sufficient evidence. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). It does not require a showing of extraordinary circumstances. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). While the parameters of good cause under *Rhines* are not well-defined, courts have found good cause where: (1) petitioner was reasonably confused about the timeliness of a state filing (*Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)); (2) petitioner lacked counsel in state post-conviction proceedings (*Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017)); and (3) petitioner's state post-conviction counsel rendered ineffective assistance (*Blake*, 745 F.3d at 982-93).

In the instant case, petitioner seeks a stay under *Rhines*. He argues that he lacks counsel in state post-conviction proceedings, suffers from cognitive and physical impairments, and has not engaged in abusive litigation tactics or intentional delay. The court agrees. Petitioner's sentence became final on November 20, 2024 and he filed the instant case in October 2025. And while it appears that some of petitioner's unexhausted claims may be meritless[1], this is not true for all of the unexhausted claims. "[T]he court need not determine whether a *Rhines* stay is appropriate as to each of petitioner's unexhausted claims. One claim requiring a stay acts as an umbrella for all claims." *Brown v. Smith*, No. 1:19-cv-01796-ADA, 2023 U.S. Dist. LEXIS 65268, at *21 n.11 (E.D. Cal. Apr. 23, 2023). Given the limitations facing petitioner as a pro se and incarcerated litigant, the court finds that petitioner has shown good cause to stay the action

[1] Petitioner asserts various claims challenging the trial court's jurisdiction and authority and the state's authority to incarcerate him. The court makes no findings in this order regarding the merits of petitioner's claims.

under *Rhines*.

**II. Motion for Appointment of Counsel**

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

**III. Filing Fee/Application to Proceed In Forma Pauperis**

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). *See* 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

**IV. Order**

Accordingly, it is hereby ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee.
2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form used by this district.
3. Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED.
4. Petitioner's motion to stay (ECF No. 2) is GRANTED and these proceedings are held in abeyance while petitioner exhausts his unexhausted claims in state court.
5. Petitioner is directed to file his state court exhaustion petition not later than sixty (60) days following service of this order and to promptly file in this Court a notice that he has done so.
6. Petitioner is directed to file in this Court, within thirty (30) days after the filing date of the state court's order finally resolving petitioner's unexhausted claims, a motion to lift the stay in this proceeding.

7. Petitioner's failure to comply with any part of this order will result in a recommendation that this action be dismissed.

DATED: September 28, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE